In re MARRIAGE OF BERNADINE L. FRUS, Petitioner-Appellee, and RONALD D. FRUS, Respondent-Appellant.

Third District   No. 3—89—0695

Opinion filed September 11, 1990.—Rehearing denied October 19, 1990.

845

STOUDER, J., dissenting.

Donovan S. Robertson, of Donovan S. Robertson, P.C., of Rock Island, for appellant.

Thomas J. Patrnak, of Heninger & Heninger, P.C., of Davenport, Iowa, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The respondent, Ronald D. Frus, appeals from the trial court's denial of his petition to terminate maintenance payments to the petitioner, Bernadine L. Frus. We reverse.

The record shows that the parties were married on April 16, 1966. On April 10, 1975, the trial court dissolved the marriage. Pursuant to that order, the court granted custody of the parties' three minor children to Bernadine. The court ordered Ronald to pay Bernadine $7,200 per year in maintenance and $4,800 per year in child support. It further provided that Ronald's maintenance obligation would increase to $9,000 per year if his annual income reached $60,000. In the event his maintenance payments reached $9,000 per year, further increases would be limited to a cost of living multiplier contained in the order.

On October 20, 1987, Ronald filed a petition to terminate his obligation to pay maintenance. At the hearing on the petition, the evidence showed that Bernadine was 45 years old and in good health. She had obtained a master's degree in clinical psychology in 1980 and was presently employed as a psychotherapist, earning $2,427 per month. She also received $1,033 per month in maintenance and $375 per month in support for the parties' only unemancipated child. Ronald's income at the time of the dissolution had been about $50,000 per year. He was now earning approximately $28,500 per month. The trial court denied Ronald's petition, finding that the change in Bernadine's circumstances had been contemplated in the original maintenance order and was not substantial enough to warrant modification.

Ronald argues on appeal that the trial court erred in not terminating maintenance. He contends that a substantial change in Bernadine's circumstances has occurred and that she has been rehabilitated.

■■ It is axiomatic that a trial court may modify a maintenance judgment only if there has been a substantial change in circumstances. (Ill. Rev. Stat. 1987, ch. 40, par. 510; *In re Marriage of Christianson* (1980), 89 Ill. App. 3d 167, 411 N.E.2d 519.) The factors to be considered in determining whether a maintenance judgment should be modified include the property awarded to the party seeking maintenance, the standard of living established during the marriage, the duration of the marriage, the ability of the spouse seeking maintenance to meet her needs independently, the ability of the other spouse to pay. (*Faris v. Faris* (1986), 142 Ill. App. 3d 987, 492 N.E.2d 645.) At the same time, when the statutory goal of rehabilitative maintenance has been achieved, a petition for termination should be granted. (See *In re Marriage of Henzler* (1985), 134 Ill. App. 3d 318, 480 N.E.2d 147.) A trial court's decision regarding the modification of maintenance will not be disturbed on review unless the record shows an abuse of discretion. *In re Marriage of Henzler* (1985), 134 Ill. App. 3d 318, 480 N.E.2d 147.

■ In the instant case, the record shows that in the 14 years since the parties' divorce, Bernadine has earned a master's degree in clinical psychology and become employed full time, earning nearly $30,000 per year. Regardless of the parties' relative incomes, we find that the statutory goal of rehabilitative maintenance has been achieved. As such, there is no longer any justification for maintenance. We therefore conclude that the trial court abused its

discretion and should have granted Ronald's petition to terminate maintenance.

The judgment of the circuit court of Rock Island County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GORMAN, J., concurs.

JUSTICE STOUDER, dissenting:

I have no difficulty in affirming the trial court's decision to continue maintenance payments of $12,396 a year to the wife, when the wife's annual income is $29,124 and the husband's annual income is $342,000. I disagree with the majority's narrow interpretation of the meaning of rehabilitative maintenance especially when at the time of dissolution large increases in income are expected in the future. Rehabilitative maintenance does not mean mere survival. *In re Marriage of Henzler* (1985), 134 Ill. App. 3d 318, 480 N.E.2d 147, relied on by the majority, is readily distinguishable from the instant case. In *Henzler*, the property distribution specifically contemplated a change in circumstances allowing for reconsideration of the maintenance award. In the instant case, the property settlement mandated increases in the amount of maintenance as the husband's income increased to $60,000 and applied a cost of living multiplier thereafter. The property settlement contemplated increases in the husband's income and provided for concurrent increases in the maintenance award. Because I find the trial court did not abuse its discretion in the instant case, I dissent.